

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>1656 E. Sycamore St.<br>Columbus, OH 43206 | ) ) ) ) ) ) Case No. 18 mj 933 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the ___Southern___ District of ___Ohio___ *(identify the person or describe property to be searched and give its location)*: Property to be searched, 1656 E. Sycamore St., is a two story, single family, townhome style apartment, with red colored brick, with brown trim and shutters, and the numbers "1656" by the front door; and the surrounding curtilage. The townhouse is the thrid unit in the row, with the front door facing south.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ___21/18___ U.S.C. § ___841a/924c___ , and the application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: ___ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jason R. Burns, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12-21-18

*Judge's signature*

City and state: Columbus, Ohio    ~~Kimberly A. Jolson, U.S. Magistrate Judge~~
*Printed name and title*
Chelsey M. Vascura, U.S. Magistrate Judge

## ATTACHMENT A

### ITEMS TO BE SEIZED

1. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of 1656 E. Sycamore Street, Columbus, OH are:

   a) controlled substances, including, heroin, cocaine and/or crack cocaine;

   b) paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

   c) books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

   d) addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators and customers;

   e) safes, money counting machinery, cash, currency, and records relating to controlled substances, income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, stocks, and bonds, as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

   f) documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts and telephone bills;

   g) photographs, including still photos, negatives, video tapes, slides, films, undeveloped film and the contents therein, in particular photographs of co-conspirators and of assets;

   h) computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as well as documents relating thereto;

 i)  firearms and ammunition, as defined by Title 18 U.S.C. Section(s) 921 and other dangerous weapons; and

 j)  identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.

Which constitutes evidence of a crime, contraband, fruits of crime, instruments of the crime, and property illegally possessed and intended for use in committing a crime, relating to violations of Title **21** United States Code, Section(s) **841(a)**; and Title **18** United States Code, Section(s) **924(c).**

*PROBABLE CAUSE AFFIDAVIT*
1656 E. Sycamore Street, Columbus, OH 43206

I, **Jason R. Burns**, being duly sworn, depose and state that:

I am a Special Agent (S/A) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, and have been so employed since September of 2005. As a result of my training and experience as an ATF Special Agent, I am familiar with Federal criminal laws pertaining to narcotics and firearm violations.

1. In July 2018, an ATF Confidential Informant (CI) advised S/A Jason Burns that a Drug Trafficking Organization (DTO) was operating on the west side and south side of Columbus, OH, utilizing several residences to distribute narcotics known as "Trap Houses." The CI advised that she/he was provided a phone number to contact the DTO for narcotics. S/A Burns has identified several narcotics distributers for the DTO, including Jonathan NOBLE. The CI advised that the DTO supplies Heroin and Crack Cocaine. The CI advised that she/he has been to several "Trap Houses" used by the DTO and that firearms are present during the distribution of narcotics. The CI has provided reliable information that has been corroborated by S/A Burns.

2. A criminal history check on NOBLE (FBI #: 756830AC4) revealed that NOBLE has a criminal record which includes weapons and narcotic related offenses.

3. On or about July 11, 2018, the CI made a call to phone number (614-270-3876). The CI was instructed to come to an unrelated residence (Trap House #1) to purchase narcotics. S/A Burns was present for this phone call. S/A's Shane Messner and Burns drove the CI to this location, and the CI purchased an amount of Heroin from a Male/White, later identified as Bryan BUHRTS, with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from the Male/White. The CI advised that there were multiple individuals inside the location.

4. On or about this same date, your affiant watched and listened to the narcotics transaction between the CI and the Male/White, later identified as BUHRTS. Your affiant observed a silver Chevy Malibu, Ohio Tag: HDT-6521 and a blue Chevy Impala, Ohio Tag: HDT-6522, both cars registered to Jonathan NOBLE, with a listed address of 2180 Margaret Ave., Columbus, OH. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI. Your affiant was able to identify NOBLE, dressed in a red T-shirt, standing in the kitchen near the table where BUHRTS was supplying narcotics.

5. A criminal history check on BUHRTS (FBI #: 867969FD1) revealed that BUHRTS has a criminal record which includes weapons and other violent offenses, including robbery and burglary.

6. On or about July 23, 2018, NOBLE purchased a 2013 black Dodge Charger automobile, which reflected Ohio Temporary Tag: G194731. According to the issuance of the temporary tag NOBLE, purchased this automobile from COUGHLIN AUTOMOTIVE OF MARYSVILLE, LLC. After the purchase of this vehicle, the vehicle began showing up at residences where NOBLE was present and selling narcotics.

7. On or about August 3, 2018, your affiant was contacted by the CI who advised that Trap House #1 was still being used to traffic narcotics. The CI advised NOBLE was recently selling narcotics from this residence.

8. On or about August 8, 2018, your affiant conducted surveillance at 2180 Margaret Ave., Columbus, OH. This is the listed address on NOBLE's Ohio Driver's License issued on 3/22/2017. Your affiant observed several vehicles parked on Margaret Ave. in front of 2180 Margaret Ave., to include the blue Chevy Impala (Tag: HDT-6522) and the silver Chevy Malibu (Tag: HDT-6521) that were parked in the rear of Trap House #1 during an ATF controlled purchase of narcotics on 7/11/2018. Your affiant observed additional vehicles parked at 2180 Margaret Ave., including a white Chrysler, bearing Ohio Tag: HCK4656; and a black motorcycle parked in the front yard, bearing Ohio Tag: CUD08. The Chrysler and the motorcycle registered to NOBLE, with a listed address of 2180 Margaret Ave. Your affiant also observed a black Dodge Charger, bearing Ohio Temp. Tag: G194731 which is also registered to NOBLE

9. On or about August 9, 2018, your affiant observed the black Dodge Charger parked in the rear of Trap House #1. The Charger was backed in, and your affiant was unable to verify the license plate on the rear of the vehicle. There was no license plate on the front of the vehicle. The Dodge Charger is consistent in make, model and color with the Dodge Charger your affiant observed at 2180 Margaret Ave. on 8/8/2018.

10. On or about August 10, 2018, your affiant observed the black Dodge Charger parked in the rear of Trap House #1. The Charger was backed in, and your affiant was unable to verify the license plate on the rear of the vehicle. There was no license plate on the front of the vehicle. Later that day, your affiant returned to Trap House #1, and was able to identify the Temp. Tag on the rear of the Dodge Charger as G194731, which registers to NOBLE at 2180 Margaret Ave., Columbus, OH.

11. On or about August 13, 2018, your affiant conducted surveillance at 2180 Margaret Ave., Columbus, OH and observed the black Dodge Charger parked on the street, near the residence. Your affiant verified the Ohio Temp. Tag as G194731 with an expiration date of 9/06/2018.

12. On or about August 23, 2018, your affiant observed a black Dodge Charger parked in the rear of Trap House #1, Columbus, Ohio. Your affiant recognized the Dodge Charger from previous surveillance done at 2180 Margaret Ave. and Trap House #1, and knows that the vehicle is registered to NOBLE.

13. On this same date, the CI made a call to phone number (614) 270-3876. The CI was instructed to come to Trap House #1, Columbus, OH. Your affiant and S/A Adam Klontz were present for this phone call. Your affiant drove the CI to this location, and the CI purchased an amount of Heroin from NOBLE with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from NOBLE. The CI advised that the CI exited the residence from the rear door, and returned to S/A Klontz's vehicle. Your affiant watched and listened to the narcotics transaction between the CI and NOBLE. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI.

14. On or about August 30, 2018, S/A Burns and Task Force Officer (TFO) Jerry Orick met the CI, and the CI had arranged for the purchase of Crack Cocaine and/or Heroin from Trap House #1, Columbus, OH. Your affiant drove the CI to this location, and the CI purchased an amount of Heroin and Crack Cocaine from NOBLE with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from NOBLE. The CI advised that the CI exited the residence from the rear door, and returned to your affiant's vehicle. The CI advised that NOBLE's black Dodge Charger was parked in the rear of the residence. Your affiant watched and listened to the narcotics transaction between the CI and NOBLE. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI. Your affiant field-tested the suspected Crack Cocaine, which tested positive for Cocaine.

15. On or about September 5, 2018, ATF Agents and TFO's conducted a Federal search warrant at one of the DTO's "Trap Houses" located at 4364 Leesburg Court North, Columbus, OH. Agents and TFO's recovered four (4) firearms, suspected Crack Cocaine, suspected Heroin, suspected marijuana, approx. $4,000.00 in U.S. Currency, other drug paraphernalia, and miscellaneous documents showing proof of residency. Among the individuals identified at the residence was Gary W. FROHNAUER. Your affiant spoke with Gary W. FROHNAUER, who advised that he was in the basement sleeping when the police arrived. FROHNAUER advised that narcotics trafficking is going on at the residence, but he was not there to purchase narcotics. FROHNAUER later advised your affiant that he is a drug user.

16. On or about September 10, 2018, your affiant conducted surveillance at 2180 Margaret Ave., Columbus, OH. S/A Burns observed the black Dodge Charger parked in front of the residence, bearing Ohio Tag: HOC-7033. Your affiant is familiar with this vehicle, and has observed the vehicle parked in the rear of Trap House #1, Columbus, OH with an Ohio Temporary Tag on the rear of the vehicle. S/A Burns also observed the silver Chevy and black motorcycle parked at the residence that are registered to NOBLE. Your affiant conducted a search on Ohio Tag: HOC-7033, and determined that the black Dodge Charger was registered to NOBLE, with a listed address of 2180 Margaret Ave., Columbus, OH.

17. On or about September 14, 2018, the CI made a call to phone number (614) 619-5136. The CI was instructed to come to an unrelated residence (Trap House #2) to purchase narcotics, and the CI advised that the voice on the phone was NOBLE. Your affiant was present for

this phone call. S/A Klontz and your affiant drove the CI to Trap House #2, Columbus, OH, and the CI purchased an amount of Heroin and Crack Cocaine from a Male/White, later identified as FROHNAUER, who was at the residence with NOBLE. The CI paid for the narcotics with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the front door and purchased the narcotics from FROHNAUER and NOBLE. The CI advised that a blue Impala was parked outside Trap House #2, Columbus, OH. Your affiant watched and listened to the narcotics transaction between the CI and FROHNAUER. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI. Your affiant field-tested the suspected Crack Cocaine, which tested positive for Cocaine.

18. On this same date, ATF TFO Chris Majewski conducted a drive-by of Trap House #2, and confirmed the blue Chevy Impala, bearing Ohio Tag: HDT-6522, registered to NOBLE, 2180 Margaret Ave., Columbus, OH.

19. On or about September 21, 2018, the CI made a call to phone number (614) 619-5136. NOBLE answered the phone and instructed the CI to come to Trap House #2, Columbus, OH. Your affiant was present for this phone call. S/A Klontz and your affiant drove the CI to this location, and the CI purchased an amount of Heroin from NOBLE with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the front door and purchased the narcotics from NOBLE. Your affiant watched and listened to the narcotics transaction between the CI and NOBLE. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI.

20. On this same date, S/A Klontz and your affiant returned to Trap House #2, Columbus, OH. Your affiant observed a black Dodge Charger, Ohio Tag: HOC-7033, parked around the corner from Trap House #2, Columbus, OH. This vehicle is registered to NOBLE with a listed address of 2180 Margaret Ave., Columbus, OH.

21. On or about October 1, 2018, your affiant conducted surveillance at Trap House #2, Columbus, OH. S/A Burns observed the black Dodge Charger, bearing Ohio Tag: HOC-7033 registered to NOBLE, parked around the corner from Trap House #2, Columbus, OH.

22. On or about November 5, 2018, your affiant conducted surveillance at 2180 Margaret Ave., Columbus, Ohio. Your affiant observed the following vehicles parked in front of the residence: a blue Chevy Impala (parked in the yard); a black Dodge Charger (parked on the street); a cream Chrysler (parked on the street); and a silver Chevy Malibu (parked on the street). Your affiant is familiar with these vehicles, which are registered to NOBLE.

23. On or about November 7, 2018, your affiant and S/A Shane Messner met the CI, and the CI had arranged for the purchase of Crack Cocaine and/or Heroin from the DTO. The CI was instructed to go to an unrelated residence (Trap House #3), Columbus, OH. Your affiant and S/A Messner drove the CI to this location, and the CI purchased an amount of Heroin and Crack Cocaine from a Male/White, later identified as Steven NOTT, with pre-recorded

4

Government funds. Your affiant observed a black Chevy Avalanche, bearing Ohio Tag: HGU-7235, parked in the rear of Trap House #3. Your affiant has identified this vehicle being used by NOTT. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from NOTT. The CI advised that the CI exited the residence from the rear door, and returned to your affiant's vehicle. Your affiant watched and listened to the narcotics transaction between the CI and NOTT. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI. Your affiant field-tested the suspected Crack Cocaine, which tested positive for Cocaine.

24. A criminal history check on NOTT (FBI #: 349273JB6) revealed that NOTT has a criminal record which includes narcotic related offenses.

25. On or about November 9, 2018, your affiant conducted surveillance at Trap House #3, Columbus, Ohio. At approx. 4:28 PM, S/A Burns observed an unknown Male/White walk to the rear of Trap House #3, knock on the rear sliding-glass door, and enter the apartment. This manner of entry is consistent with narcotics purchasers seeking to purchase narcotics at locations controlled by the DTO. Your affiant observed NOBLE's black Dodge Charger, Ohio Tag: HOC-7033, parked in the rear of Trap House #3, Columbus, OH.

26. On or about November 26, 2018, your affiant S/A Burns was contacted by the CI and advised that members of the DTO was trafficking narcotics at a new location (Trap House #4). The CI advised S/A Burns where Trap House #4 was located.

27. On or about November 29, 2018, your affiant located Trap House #4, Columbus, OH. S/A Burns observed NOBLE's black Dodge Charger, bearing Ohio Tag: HOC-7033, parked in the rear of Trap House #4.

28. On or about December 7, 2018, your affiant conducted surveillance at 2180 Margaret Ave., Columbus, OH, the home residence of NOBLE. Your affiant observed NOBLE's black Dodge Charger, bearing Ohio Tag: FOC-7033, parked in front of the residence.

29. On or about December 10, 2018, the CI contacted your affiant and advised that a new "Trap House" was being used to distribute narcotics and that it was located in the area of Sycamore St. and Fairwood Ave., Columbus, OH. Your affiant proceeded to this area to conduct surveillance.

30. On or about this same day, your affiant located NOBLE's black Dodge Charger, bearing Ohio Tag: FOC-7033, parked in the rear of a row of townhomes located on the north side of E. Sycamore St. The vehicle was parked behind units 1652/1654 E. Sycamore St., Columbus, OH 43206. Your affiant observed that the units had entry doors in the front and the rear of each townhouse.

31. On or about December 11, 2018, your affiant returned to E. Sycamore St. and observed NOBLE's black Dodge Charger parked in the same location.

32. On or about December 12, 2018, your affiant was contacted by the CI in regards to the "Trap House" located on E. Sycamore St., Columbus, OH. The CI advised that the "Trap House" was the third (3rd) townhome in the row of townhouses located on the north side of E. Sycamore St. Your affiant and S/A Teresa Petit conducted surveillance on this location, and observed NOBLE's black Dodge Charger parked in the rear of the townhomes on E. Sycamore St. Your affiant identified the third (3rd) townhouse as 1656 E. Sycamore St., Columbus, OH 43206.

33. On this same date, your affiant and S/A Petit met with the CI in regards to the purchase of Heroin and/or Crack from NOBLE. The CI arranged for the purchase of an amount of Crack Cocaine and/or Heroin at 1656 E. Sycamore St., Columbus, OH. Your affiant and S/A Petit drove the CI to this location. The CI proceeded to the rear of 1656 E. Sycamore St., walking west in the alley just north of the row of townhouses, toward the rear door of 1656 E. Sycamore St. TFO Jerry Orick observed the CI walking in the alley toward the rear of the townhomes. TFO Orick observed the third (3rd) rear door open and close, which was consistent with the CI entering the residence while monitoring the wire transmitter. The CI purchased an amount Crack Cocaine from NOBLE with pre-recorded Government funds. This transaction was video and audio recorded, and the CI advised the CI entered the residence from the rear door and purchased the narcotics from NOBLE. The CI advised that the CI exited the residence from the rear door, and returned to your affiant's vehicle. Your affiant watched and listened to the narcotics transaction between the CI and NOBLE. The audio and video of the narcotics transaction was consistent with the description of the transaction as described by the CI. The video shows the CI entering and exiting the third rear door, identified as 1656 E. Sycamore St. Columbus, OH. Your affiant field-tested the suspected Crack Cocaine, which tested positive for Cocaine.

34. On or about December 17, 2018, your affiant had contact with the CI in regards to 1656 E. Sycamore Street, Columbus, OH 43206. The CI advised your affiant that on 12/15/2018, the CI received information that the DTO using 1656 E. Sycamore St. had been resupplied with Crack Cocaine and Heroin. The CI advised that the DTO continues to sell from this location.

35. On or about this same date, your affiant conducted surveillance on 1656 E. Sycamore Street and observed NOBLE's black Dodge Charger parked in the rear of this location.

36. On or about December 19, 2018, your affiant conducted surveillance on 1656 E. Sycamore Street and observed NOBLE's black Dodge Charger parked in the rear of this location.

37. On or about this same date, your affiant conducted surveillance on 2180 Margaret Ave. and observed NOBLE's blue Chevy parked in the yard, next to the residence.

38. On or about December 20, 2018, your affiant conducted surveillance on 1656 E. Sycamore Street and observed NOBLE's black Dodge Charger parked in the rear of this location.

39. On this same date, your affiant met with the CI and the CI made a controlled call to NOBLE. NOBLE stated that they were still on "Sycamore." Your affiant knows this location as 1656

E. Sycamore St., Columbus, OH 43206. Your affiant, and S/A's Petit and Colin Ginley were present for this phone call.

40. Based on your affiant's training, knowledge and experience in investigating armed drug traffickers, your affiant knows:

   a. That drug traffickers must maintain on hand large amounts of U.S. currency in order to maintain and finance their on-going narcotics business;

   b. That narcotics traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, and other papers relating to the transportation, ordering, sale and distribution of controlled substances. That narcotics traffickers commonly "front" (provide narcotics on consignment) narcotics to their clients; that the aforementioned books, records, receipts, notes, ledgers, etc. are maintained where the traffickers have ready access to them;

   c. That it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residence and/or businesses for their ready access and to conceal them from law enforcement authorities;

   d. That drug traffickers commonly maintain addresses or telephone numbers in books, papers or on electronic media (computers, floppy disk, disks etc.) which reflect names, addresses and/or telephone numbers of their associates in the drug trafficking organization;

   e. That narcotics traffickers often utilize electronic equipment such as computers, fax machines, currency counting machines and telephone answering machines to generate, transfer, count, record and/or store information concerning their drug trafficking activities;

   f. That drug traffickers often take or cause to be taken photographs of them, their associates, their property, and their product. That these traffickers usually maintain in these photographs in their possession;

   g. That based on my training and experience, that drug traffickers commonly have in their possession, that is on their person, at their residences and/or in their vehicles, ammunition and firearms such as pistols, revolvers, shotguns, and rifles, as defined by 18 U.S.C. § 921. Said firearms are used to protect and secure a drug trafficker's property, including but not limited to narcotics, jewelry, narcotic paraphernalia, books, records, U.S. currency, etc.

41. Based upon the above information, your affiant believes probable cause exists that now contained within the premises of 1656 E. Sycamore Street, Columbus OH are:

   a. controlled substances, including heroin, cocaine, and/or crack cocaine;

7

b. paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, such as scales, funnels, sifters, grinders, glass panes and mirrors, razor blades, plastic bags, stamp bags, ink pads and stampers, microwave ovens, heat-sealing devices, and dilutants such as mannitol, mannite, and vitamin B12;

c. books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances or reflecting names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

d. addresses and/or telephone books, rolodex, indices, and papers reflecting names, addresses, telephone numbers, pager numbers, fax numbers, and/or telex numbers of co-conspirators and customers;

e. safes, money counting machinery, cash, currency, and records relating to controlled substances, income and expenditures of money and wealth, such as money orders, wire transfers, cashier's checks and receipts, bank statements, passbooks, checkbooks, check registers, stocks, and bonds, as well as precious metals such as gold and silver, and precious gems such as diamonds – (this evidence often is located in a safe); as well as records relating to the sale, purchase and/or lease of automobiles, to include titles for all vehicles, and insurance records for all vehicles;

f. documents indicating travel in interstate and foreign commerce such as travel itineraries, plane tickets, boarding passes, motel and hotel receipts, passports and visas, credit cards receipts and telephone bills;

g. photographs, including still photos, negatives, video tapes, slides, films, undeveloped film and the contents therein, in particular photographs of co-conspirators and of assets;

h. computers, hard drives, cellular telephones, palm pilots, and/or other electronic media utilized for communication and data saving purposes, as well as documents relating thereto;

i. firearms and ammunition, as defined by 18 U.S.C. § 921 and other dangerous weapons; and

j. identification evidence and/or indicia (such as cancelled mail, deeds, leases, rental agreements, photographs, bills, diaries, keys, and identification documents) which tend to identify the person(s) in residence, occupancy, control, or ownership of the subject premises.

Which constitutes evidence of a crime, contraband, fruits of crime, instruments of the crime, and property illegally possessed and intended for use in committing a crime, relating to violations of Title 21 U.S.C. § 841(a) and Title 18 U.S.C. § 924(c).

_____  #4800
Jason R. Burns
Special Agent, ATF

Sworn to and subscribed before me this __21__ day of December 2018 in Columbus, Ohio.

_____
Chelsey M. Vascura
U.S. MAGISTRATE JUDGE

9